RAFAEL SÁENZ CABEZÓN, Petitioner and Appellee, v. RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Respondent and Appellant.

No. 8537. Argued December 17, 1942.—Decided February 11, 1943.

*M. Rodríguez Ramos, Acting Attorney General, George A. Malcolm, (Former Attorney General, on the brief) and Eulogio Riera, Deputy Attorney General, for appellant. Efraim Ramírez Ramírez for appellee.*

MR. JUSTICE TRAVIESO delivered the opinion of the court.

On October 16, 1936, the petitioner, an Internal Revenue Agent of the Treasury Department, was suspended from employment and pay on the ground that he had been charged with attempt to commit murder, and on July 16, 1937, after being acquitted by the jury, he was reinstated. The salary which he was not paid during suspension amounted to $752.78.

On May 2, 1940, the Legislature approved Act No. 122 (Laws of 1940, p. 732) authorizing the Tresurer of Puerto Rico to pay and the Auditor to approve the payment of said amount to petitioner.

In the complaint filed in this case the petitioner alleges that the Auditor authorized the payment in compliance with said Act but that the Treasurer, notwithstanding the constant demands made upon him by the petitioner, has refused to issue the corresponding order of payment. He prays for a judgment ordering the Treasurer to make immediate payment.

In his answer the Treasurer alleged that the petitioner was appointed temporarily on October 17, 1935, as an Internal Revenue Agent, with an annual salary of $900; that after his acquittal, the petitioner was not reinstated but reappointed in said office beginning on July 16, 1937; and that during the time that petitioner was suspended, he was not earning any salary. As special defenses, he alleged that the complaint does not state facts sufficient to constitute a cause of action; that inasmuch as petitioner's appointment was temporary, he did not acquire any right to receive salary during the time he was suspended from employment and pay; for which reason, the Act authorizing the payment of salary to the petitioner violates subdivision 12 of §34 of the Organic Act of Puerto Rico, even though it were decided that said Act imposes on the Treasurer the ministerial duty to pay the salary claimed by the petitioner.

Feeling aggrieved by the judgment rendered against him by the District Court of San Juan, the Treasurer has taken the present appeal. There are two questions submitted for our decision by the parties. We shall pass upon them and decide them in their order of importance.

1. Does Act No. 122 of May 2, 1940, violate the provisions of subdivision 12 of §34 of the Organic Act of Puerto Rico?

It is a fact admitted by both parties that the petitioner, as a temporary employee, has no right to claim salary for

the period during which he was suspended other than that conferred upon him by said Act No. 122.

Subdivision 12 of said §34 of the Organic Act provides as follows:

"No bill shall be passed giving any extra compensation to any public officer, servant or employee, agent or contractor, after services shall have been rendered or contract made."

Construing the above-quoted statutory provision, the district court held that it is confined to a prohibition against the enactment of laws granting extra compensation to any public officer or employee for services rendered; and that there is no provision in our Organic Act which precludes the Insular Legislature from paying salary to an employee for such time as he was suspended from employment and pay.

The appellant maintains that the construction given by the lower court to our Organic Act is incorrect; and in support of his contention, cites the decision rendered by the District Court of San Juan in *Thomas E. Benner* v. *Leslie A. McLeod,* Auditor of Puerto Rico, Civil case No. 24298.

The case of Dr. Benner may be readily distinguished from the case at bar. Dr. Benner, Chancellor of the University of Puerto Rico, was removed from office by the Board of Trustees on May 6, 1929. Two years later, on July 28, 1931, the Board of Trustees, considering that Dr. Benner had not taken a vacation during the last three years of his Chancellorship, agreed to grant him 60 days leave with pay. The Auditor refused to authorize such payment. The Legislature then approved Joint Resolution No. 11 of 1933 (Laws of 1932–33, p. 642) granting Dr. Benner 60 days leave with pay. The Auditor refused to authorize the payment of the two months' salary, alleging that said Act had been approved in violation of subdivision 12 of §34 of the Organic Act. The District Court of San Juan presided over by Hon. Angel R. de Jesús, now a member of this court, refused to issue the writ of mandamus sought against the Auditor on the ground

that the payment granted to Dr. Benner by virtue of Joint Resolution No. 11 of 1933 was extra compensation granted to a public officer for services already rendered.

The situation before us is completely different in the case at bar. It is unquestionable that if no offense had been charged against him which resulted in his suspension from employment and pay, for which offense he was acquitted, the petitioner would have continued in the discharge of his duties as Internal Revenue Agent, with pay corresponding to the months during which he was suspended. And this is evident from the fact that, as soon as the verdict of the jury proved that the charge was groundless, the Treasurer reappointed him for the same office which he held before, which fact shows by itself that the petitioner had complied, until he was suspended, with all the obligations of his office to the satisfaction of the head of the Treasury Department.

The amount which, pursuant to Act No. 122 of 1940, should be paid to the petitioner is not "extra compensation" granted to a public employee-for services already rendered and paid, as in the case of Dr. Benner.

We think that the spirit of the law and the intention of the lawmaker in passing this Act was to compensate or remunerate an efficient and reliable employee for the injury caused him by virtue of being charged with an offense of which he was innocent. And the best measure for those damages was the amount which he failed to receive during the time he was suspended from employment and pay. In our opinion, the prohibition of the Organic Act does not reach the point of depriving our Legislative Assembly, which has been vested with full legislative powers in local affairs (*Puerto Rico* v. *Shell Co.*, 302 U. S. 253), of the authority to admit and order the payment of a just and reasonable claim. Therefore, we hold that the Act herein does not violate the provisions of subdivision 12 of §34 of the Organic Act.

■ 2. Is the defendant Treasurer bound to authorize as a ministerial duty the payment to the petitioner?

Act No. 122 of May 2, 1940, "authorizes" the Treasurer of Puerto Rico to pay to the plaintiff the amount granted by the Legislature. The appellant Treasurer maintains that the lawmaker has left to his discretion whether or not he should authorize payment to the petitioner. The latter, in turn, alleges that the statute imposes on the Treasurer the ministerial duty to make payment.

In *Mason et al.* v. *Fearson,* 9 How. 260, 13 L. ed. 125, the Federal Supreme Court stated:

"Without going into more details, these cases fully sustain the doctrine, that what a public corporation or officer is empowered to do for others, and it is beneficial to them to have done, the law holds he ought to do. The power is conferred for their benefit, not his; and the intent of the legislature, which is the test in these cases, seems under such circumstances to have been 'to impose a positive and absolute duty.'"

In *Chase* v. *U. S.*, 261 Fed. 833, the Circuit Court for the Eighth Circuit, held:

"An examination of the legislation of Congress shows that in many of the acts of Congress the word 'authorized' is frequently used where a duty is imposed upon a public executive officer, and in no case are the duties imposed discretionary unless, after the word 'authorized,' the other words 'in his discretion' are added."

In 7 C.J.S. 1293, 1294, an analysis is made of the construction of the word "authorized" and the following appears:

"In the past tense, or as the past participle, 'authorized' has been defined as meaning clothed with authority, warrant, or legal power; directed; empowered; empowered and directed; entitled; permitted; possessed of, or endowed with, authority; sanctioned or approved by authority . . . When, however, the word is used in a statute providing for the doing of some act required by public duty or justice or where the rights of a citizen are concerned, it has

been held that the word is to be construed as mandatory; and that it may imply an imposition of a duty . . . or even a positive command, in the absence of specific words rendering it discretionary.''

The facts and the circumstances of this case lead us to the conclusion that it was not the intention of the Legislature to leave to the discretion of the Treasurer of Puerto Rico compliance with the just purpose of Act No. 122 of 1940.

The judgment appealed from must be affirmed.